# In the District Court of the United States
## For the District of South Carolina
### BEAUFORT DIVISION

| | |
|---|---|
| Billy Ray Warren, #281881,                    )<br>                                               )<br>                    Petitioner,               )<br>                                               )<br>        vs.                                    )<br>                                               )<br>Jon Ozmint, Director, South Carolina           )<br>Department of Corrections; and                 )<br>Henry McMaster, Attorney General of the        )<br>State of South Carolina,                       )<br>                                               )<br>                    Respondents.              )<br>_____) | Civil Action No. 9:05-2250-RBH-GCK<br><br>**REPORT AND RECOMMENDATION<br>OF THE MAGISTRATE JUDGE** |

## I. INTRODUCTION

The Petitioner, Billy Ray Warren ("Petitioner" or "Warren"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this United States Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. *PRO SE* PETITION

Warren is presently incarcerated in the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections (the "SCDC"). Warren filed this Petition for a writ of habeas corpus (the "Petition") on July 28, 2005 against Jon Ozmint, Director of the SCDC and Henry D. McMaster, the Attorney General for the State of South Carolina.[1] [1-1] Warren is a

---

[1] Warren has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of July 28, 2005. See Order [4-1] filed on August 25, 2005 at p. 1, n.1.

*pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (*per curiam*); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Publ L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). Moreover, the Court cannot ignore a clear failure in the pleading to allege facts supporting a claim cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.1990). Such is the case with the present Petition.



### III. PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions

During the December 2001 term of the Court of General Sessions for Horry County, the grand jury returned an indictment against Warren for kidnapping (01-GS-26-3735); attempted

Page 2 of 13

armed robbery (01-GS-26-3736); possession of a firearm during the commission of a violent crime (01-GS-26-3737); and assault and battery of a high and aggravated nature (01-GS-26-3738).  Warren was represented by W. Edward Chrisco, Esquire with respect to the charges. Warren appeared before the Honorable John L. Breeden, Jr., and pled guilty as to all charges. Judge Breeden sentenced Petitioner to time served (149 days) for kidnapping; twenty (20) years for attempted armed robbery; five (5) years for possession of a firearm during the commission of a violent crime; and ten (10) years for assault and battery of a high and aggravated nature, all sentences to run concurrently.  Petitioner did not appeal his conviction or sentences.

### B. Petitioner's Application for Post-Conviction Relief

The Petitioner filed an application for post-conviction relief ("PCR") on April 9, 2002. He raised the following grounds for relief in the Application:

1. Ineffective Assistance Counsel

(A) Counsel's failure to discuss any defense or request a competency hearing.

(B) Counsel's failure to inform applicant of the consequences of his plea.

(C) Applicant's plea wasn't made knowingly and voluntarily upon counsel's failure to advise that such a plea would leave him ineligible for parole, and other benefits under the 85% statute."

The State made its Return on May 8, 2003.



On June 2, 2003, a hearing was convened on this matter.  Petitioner was present and represented by Paul Archer, Esquire.  The Respondents were represented by Bryan Dukes of the South Carolina Office of the Attorney General.  Testimony was taken from Petitioner and from his trial counsel, Mr. Chrisco.  The matter was recessed until June 7, 2002, to take additional testimony.

On September 9, 2003, the Honorable Steven H. John entered an Order of Dismissal. (App. 53-55)  A timely notice of appeal was filed on Petitioner's behalf.  On May 11, 2004, a Johnson Petition[2] for Writ of Certiorari and Petition to be Relieved as Counsel was submitted by

---

[2] In Johnson v. State, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988), the Supreme Court of South Carolina approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in Anders v. California, 386 U.S. 738 (1967) were followed.

Robert M. Dudek of the South Carolina Office of Appellate Defense. In the Petition, Petitioner asserted:

> 1. Was defense counsel ineffective for failing to request a Blair[3] hearing where counsel admitted at the PCR hearing that he may not have noticed petitioner's medicine made him unable to understand the proceedings?

On January 20, 2005, the South Carolina Supreme Court issued an Order granting counsel's request to withdraw and denying the petition. The remittitur was issued on February 7, 2005.

## IV. FEDERAL COURT HISTORY

### A. Warren's Petition for a Writ of Habeas Corpus

On July 28, 2005, Warren filed his Petition for a writ of habeas corpus. [1-1] The Petition set forth one (1) ground for relief:

> Ground One: Defense counsel was ineffective through the failure to request a Blair hearing prior to the plea.
>
> At the time of Petitioner's guilty plea he was taking prescription medication that rendered him incompetent to waive his rights and plead guilty.

On August 25, 2005, the undersigned issued an Order which authorized service on Jon Ozmint and Henry D. McMaster (collectively, the "Respondents"), and notified Warren of the change of address rule. [4-1] On October 19, 2005, the Respondents filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment. [8-1; 9-1]



On October 20, 2005, the undersigned issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Warren of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Motion for Summary Judgment.[4] [11-1] On November 18, 2005, the Petitioner filed his response to the motion for summary judgment. [12-1]

---

[3] See State v. Blair, 275 S.C. 529, 273 S.E.2d 536 (1981).

[4] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

Page 4 of 13

### B. The Standard for Determining a Motion for Summary Judgment

The determination of the Respondents' Motion for Summary Judgment is governed by the holding in Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. Stone v. University of Md. Medical Sys. Corp., 855 F.2d 167 (4th Cir. 1988).

### C. Habeas Corpus Review

### 1. The Antiterrorism and Effective Death Penalty Act

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A "properly filed application for State post-conviction relief" tolls the time for filing. 28 U.S.C. § 2244(d)(2).[5] In the present case, the Petitioner's

---

[5] The full text of Section 2244(d) is as follows:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

petition was timely filed on July 28, 2005, and the provisions of the AEDPA apply to Petitioner's case. Lindh v. Murphy, 521 U.S. 320 (1997).

### B. Exhaustion of State Court Remedies

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "The exhaustion doctrine . . . is now codified at 28 U.S.C. § 2254(b)(1)." Id., (internal citations omitted). This Court's exhaustion requirements under Section 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]
>
> To satisfy the exhaustion requirement, a habeas petition must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.] [6]

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160 (the "Act"). The applicant may allege constitutional violations in a PCR proceeding, but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998), citing S.C. Code Ann. §§ 17-27-20(a)(1), (b). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 329 S.C. at 42, 495 S.E.2d at 428. As the South Carolina Supreme Court has explained: "[W]hen the claim has

---

retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6   Matthews v. Evatt, 105 F.3d at 910-11 (citations omitted).

Page 6 of 13

been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

Just as the exhaustion doctrine requires that a claim be fairly presented to all appropriate state courts before it is raised in a Section 2254 petition, if a claim has not been presented but no state remedy remains available, the claim will be considered procedurally defaulted. Teague v. Lane, 489 U.S. 288 (1989). A claim that has been procedurally defaulted in state court usually will not be reviewed in a Section 2254 petition.

In the present case, Respondents concede that Petitioner has *generally* exhausted his state remedies with the disposition of his PCR appeal by the South Carolina Supreme Court. *See generally* S.C. Code Ann. § 17-27-100 (1985); Drayton v. Evatt, 312, S.C. 4, 430 S.E.2d 517 (1993); Rule 203, SCACR.[7]

### C. Scope of Review

This Court's review of collateral attacks on state criminal convictions is governed by the parameters set forth in the AEDPA, which amended Section 2254. Under the AEDPA, a federal court may only grant habeas corpus relief under Section 2254(d) with respect to a claim adjudicated on its merits in a state court proceeding if that state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2)  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* Daniels v. Lee, 316 F.3d 477, 485 (4th Cir. 2003), *quoting* 28 U.S.C. §§ 2254(d)(1) & (2); *see also* Byram v. Ozmint, 339 F.3d 203 (4th Cir. 2003).

With respect to the first prong of the analysis, the United States Supreme Court has explained that a state court adjudication is "contrary to" clearly established Federal law only if

---

[7]     *See* Respondents' Memorandum [9-1] at p. 4.

"the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). An "unreasonable application" of Federal law will be found "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-413. An "unreasonable application" likewise will be found if the state court "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled. Ramdass v. Angelone, 530 U.S. 156, 166 (2000) (opinion of Kennedy, J.). Yet, as Williams teaches, a state court's "unreasonable application" of the law informs the federal court to the extent that the latter "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Bates v. Lee, 308 F.3d 411, 417 (4th Cir. 2002), *cert. denied*, 538 U.S. 1061 (2003), *quoting* Williams, 529 U.S. at 411. The Fourth Circuit has held that this application of federal law must be "objectively unreasonable." Oken v. Corcoran, 220 F.3d 259, 264 (4th Cir. 2000) (noting that the Supreme Court in Williams "adopted" the holding in Green v. French, 143 F.3d 865, 870 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999) that the "unreasonable application" inquiry is an objective inquiry.).



Turning to the second prong of the analysis, Section 2254(d)(2)'s determination of whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness" and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." See 28 U.S.C. § 2254(e)(1).

## D. Discussion of Petitioner's Petition

### Ground One

Defense counsel was ineffective through the failure to request a <u>Blair</u> hearing prior to the plea.

At the time of Petitioner's guilty plea he was taking prescription medication that rendered him incompetent to waive his rights and plead guilty.

Petitioner's sole claim for habeas corpus relief rests on whether his trial counsel was ineffective for failing to request a <u>Blair</u> hearing before the guilty plea. Plaintiff contends that his guilty plea was involuntary because he was under the influence of a prescription medication that affected his ability to reason and thus rendered him incompetent. This issue was raised in Petitioner's <u>Johnson</u> Petition before the State Supreme Court and thus is appropriate for review before this court.

In general, claims of ineffective assistance of counsel are covered by the familiar two-part test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1985). Under that test, the petitioner first must show that his counsel's performance fell below an objective standard of reasonableness. *See* <u>Strickland</u>, 466 U.S. at 687. Second, the petitioner must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694.



The <u>Strickland</u> ineffective assistance of counsel standard is some what different in the context of a guilty plea. A defendant who pleads guilty upon the advice of counsel may only attack the voluntary or intelligent nature of his plea by showing ineffective assistance of counsel. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). "In the context of a guilty plea, the petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" <u>Burket v. Angelone</u>, 208 F.3d 172, 179 (4th Cir. 2000), *quoting* <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

To the extent that Petitioner argues that, but for his counsel's ineffectiveness, he would not have pled guilty, his claim fails. The AEDPA provides for a highly deferential standard of federal review of state court decisions. Under 28 U.S.C. § 2254(d), the court cannot grant

Petitioner's Petition unless the state PCR court's rulings resulted in a decision that was contrary to or involved an unreasonable application of federal law, or resulted in a decision that was based on an unreasonable determination of the facts based on the evidence presented. *See* 28 U.S.C. 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000).

In the present case, Judge Breeden specifically asked Petitioner at the guilty plea hearing whether Petitioner was satisfied with Mr. Chrisco's representation. Petitioner responded, "Yes, sir." Then, Judge Breeden asked Petitioner, "Do you need to spend any more time with him before you continue your plea?" Petitioner responded, "No, sir." (App. 9) The PCR judge correctly found that Petitioner failed to meet his burden of proof, and could demonstrate no deficiency in representation. His ruling is supported by the record, and should not be disturbed in this action.

Next, in proving Strickland prejudice within the context of counsel's failure to fully investigate Petitioner's mental capacity, Petitioner must show a reasonable probability that he was incompetent at the time of the plea. Jeter v. State, 308 S.C. 230, 417 S.E.2d 594 (1992). Petitioner has made no such showing. The facts of this case indicate that at the PCR hearing, Petitioner testified he had been taking four (4) types of medication at the time of the plea and did not understand the proceedings. (App. 35) Petitioner presented no other evidence, except for his testimony at the PCR hearing, to support his claim that he was taking four prescription medications at the time of his plea. Indeed, trial counsel testified at the PCR hearing that Petitioner never told him he was taking any medication. (App. 47) Trial counsel also indicated that he never had any reason to question Petitioner's competence. (App. 43-44) In addition, trial counsel testified that because of the strength of the State's case, he advised Petitioner to plead guilty, and Petitioner agreed. In fact, Petitioner was prepared to plead guilty one month before the plea proceeding, but the court date was changed. (App. 42-43)

It is important to note that the guilty plea transcript lends no support to Petitioner's claims. Indeed, the transcript reflects that Judge Breeden specifically questioned Petitioner as to whether he was under the influence of any substance which would affect his understanding of the plea proceeding. According to the transcript of the guilty plea hearing, Judge Breeden asked: "Are you under the influence today of any substance that would make you not understand what you're doing?" The Petitioner answered, "No, sir." The court asked: "You know what you're doing?" and the Petitioner responded: "Yes, sir." (App. 7)

The trial court correctly found, and the guilty plea record clearly shows, that Petitioner had full understanding of the proceedings and the consequences of his plea, and his allegations of a drug-induced guilty plea are not at all supported by the record.

In sum, there is abundant probative evidence to support the PCR courts' conclusion that Petitioner failed to meet his burden of proof, because Petitioner has proffered no evidence to show that there is a reasonable probability that he was incompetent at the time of his plea.

### RECOMMENDATION

Based upon the foregoing, it is recommended that the Respondents' Motion for Summary Judgment **[8-1] be granted.**

_____
George C. Kosko
United States Magistrate Judge

December **20**, 2005
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial**

resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402