IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Billy Ray Warren, #281881, | ) | Civil Action No. 9:05-2250-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| John Ozmint, Director, South Carolina | ) | |
| Department of Corrections; and Henry | ) | |
| McMaster, Attorney General of the State | ) | |
| of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Billy Ray Warren, proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 28, 2005. Currently pending before the court is the Respondents' motion for summary judgment which was filed on October 19, 2005. By order entered October 20, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to the Respondents' motion on November 18, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for a Report and Recommendation. The Magistrate Judge issued a Report and Recommendation on December 20, 2005. In the Report, the Magistrate Judge notes that the Petitioner's sole claim for habeas corpus relief rests on whether his trial counsel was ineffective for failing to request a Blair hearing[1] before he pled guilty in the South Carolina Court of General Sessions in Horry County to: kidnaping; attempted armed robbery; possession of a firearm during the commission of a violent crime; and assault and battery of a high and aggravated nature.

---

[1] A hearing to determine mental competency. See State v. Blair, 273 S.E.2d 536 (S.C. 1981).

Petitioner contends that his guilty plea was involuntary because he was under the influence of prescription medication that affected his ability to reason and thus rendered him incompetent. The Magistrate Judge notes in the Report that this issue was raised in the Petitioner's <u>Johnson</u> Petition[2] before the South Carolina Supreme Court and thus is appropriate for review before this court. The Magistrate Judge correctly notes that in general, claims of ineffective assistance of counsel are covered by the familiar two-part test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1985). After analyzing and carefully considering the Petitioner's claim for relief, the Magistrate Judge recommends to this court that the Respondents' motion for summary judgment be granted. The Magistrate Judge finds it is important to note in the Report that the guilty plea transcript lends no support to the Petitioner's claim. It is noted that Judge Breeden, the judge who accepted the Petitioner's guilty plea, specifically questioned the Petitioner as to whether he was under the influence of any substance which would affect his understanding of the plea proceeding and the Petitioner responded in the negative. In sum, the Magistrate Judge concludes that there is abundant probative evidence to support the State PCR court's conclusion that the Petitioner failed to meet his burden of proof, because the Petitioner has offered no evidence to show that there is a reasonable probability that he was incompetent at the time of his plea. Petitioner filed objections to the Report and Recommendation on January 5, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a

---

[2] In <u>Johnson v. State</u>, 365 S.E.2d 201, 201 (S.C. 1988), the South Carolina Supreme Court approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in <u>Anders v. California</u>, 386 U.S. 738 (1967) were followed.

specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As noted above, the Petitioner filed objections to the Magistrate Judge's Report and Recommendation. In order for objections to be considered by the undersigned, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed.R.Civ.P. 72(b); see United States v. Schronce, 727 F.2d 91, 94 n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-47 nn. 1-3 (4th Cir. 1985). "Courts have [ ] held *de novo* review to be unnecessary in [ ] situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

In the objections, the Petitioner takes issue with the Magistrate Judge's statement in the Report that the guilty plea transcript lends no support to the Petitioner's claim that he was under the influence of medication which affected his understanding of the plea proceeding. The Petitioner cites to two (2) portions of the guilty plea transcript which he contends shows that he told the court he was taking was drugs (App. 8, 7-12) and that his counsel was aware of this (App. 13, 17-19).

After a review of the portions of the guilty plea transcript cited by the Petitioner, this court finds that the Petitioner's objections are wholly without merit. It must be noted that the transcript portions cited by the Petitioner, contrary to his assertion otherwise, do not lend support to the Petitioner's claim that at the time of the guilty plea proceeding he was under the influence of medication which affected

his understanding of that proceeding. The first citation of the transcript is where the Petitioner was asked by Judge Breeden if "there is anything you want to ask me or anything you need clarified?" The Petitioner responded that "I just want to say right now to the person that I was sorry for what I did, you know. *It was just a fast life I was doing out there doing, under the influence of drugs*, smoking weed and all that, and I'm sorry, if that would help any." (App. 8, 7-12) (emphasis added). Judge Breeden then proceeded to tell the Petitioner that it doesn't really help any because being on drugs (during the commission of the crimes) didn't excuse the crimes the Petitioner committed. The court finds that this portion of the transcript clearly reflects that when the Petitioner made reference to being under the influence of drugs, it was in the context of explaining his reasons for the commission of the crimes and not in the context of being on the influence of drugs at the plea proceeding.

As noted above, the Petitioner cites to another portion of the guilty plea transcript which he states shows that his trial counsel was aware that he was under the influence of drugs at the time of the guilty plea proceeding. However, that portion of the proceeding is simply a statement from Petitioner's trial counsel wherein he asks the court to sentence the Petitioner to a lower sentence than what the State had recommended. In that context, trial counsel stated "[a]s he stands before you, the only thing he has been convicted of is shoplifting, and as he said to the Court earlier, he *was* on some type of drugs, and the Court has told him that that's no excuse, that's just an explanation, it's not even an explanation of why." (App. 13, 17-22) (emphasis added). The court finds that this portion of the transcript clearly reflects that when the Petitioner's counsel made reference to the Petitioner being "on some type of drugs," it was in reference to the Petitioner's earlier statement to Judge Breeden that his reason for the commission of the crimes was because he was on some type of drugs and not as the Petitioner argues because counsel was aware that he under the influence of drugs at the time of the guilty plea proceeding.

4

After a review of the record, this court finds that the Magistrate Judge properly addressed the Petitioner's claims and therefore, the objections are without merit.

The court has carefully reviewed the record in this case, the applicable law, the Report and Recommendation, and the objections thereto and finds the Magistrate's recommended disposition is proper. For the foregoing reasons, the objections [Entry # 14] are **OVERRULED**; the Report and Recommendation [Entry # 13] is **ADOPTED** and incorporated herein by reference; and the Respondents' motion for summary judgment is hereby **GRANTED**.

The court notes that subsequent to filing objections to the Report and Recommendation, the Petitioner filed a motion to stay this habeas Petition so that he "may be able to go back in the lower courts and raise some issues that [he] didn't raise the first time." However, the court finds that it would not be appropriate to indefinitely stay the current Petition, and therefore, the Petitioner's motion to stay [Entry # 18] is **DENIED**.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Court Judge

September 7, 2006
Florence, South Carolina